IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| THOMAS E. PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09cv62 (JCC) |
| | ) | |
| RAYMOND LaHOOD, SECRETARY | ) | |
| OF TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's
Motion to Dismiss or, in the alternative, Motion for Summary
Judgment.  Also before the Court are two requests by Plaintiff
for an extension of time in which to respond to Defendant's
Motion.  For the reasons stated below, the Court will grant
Plaintiff's Motions, grant Defendant's Motion for Summary
Judgment, and deny as moot Defendant's Motion to Dismiss.

**I.  Background**

A. Plaintiff's Complaint and the Motions at Issue

Plaintiff Thomas Perry ("Plaintiff") brought this Title
VII employment discrimination case on January 21, 2009.  The
complaint ("Complaint") comprises just a few sentences.  For the
"Statement of Claims," Plaintiff refers to claims "cited in
Agency Case Nos. 2-04-2020, 2005-19506, and FAA02-03-2249."
(Compl. § 1.)  Plaintiff alleges that he has exhausted his

1

federal administrative remedies, stating that he received an
Equal Employment Opportunity Commission ("EEOC") Right to Sue
letter for Agency Case No. 2-04-2020 on October 20, 2008, and an
EEOC Right to Sue letter for Agency Case Nos. 2005-19506 and
FAA02-03-2249 on October 22, 2008.  (Compl. § 2.)  Plaintiff
seeks $300,000 in damages, back pay or front pay, past attorney's
fees, and costs.  (Compl. § 3.)

        Defendant Raymond LaHood, sued in his official capacity
as the Secretary of the Department of Transportation (the
"Government"), moved on March 23, 2009 for summary judgment or,
in the alternative, for dismissal.[1]  The Government filed with
its motion an appropriate *Roseboro* notice.  A hearing on the
motion was set for May 8, 2009.

        On April 13, Plaintiff moved for an extension of time
to oppose the Government's motion.  He asked to extend the
deadline for his opposition to April 27, 2009.  A hearing on the
request was set for May 8, 2009.  Rather than filing any
opposition by this newly-requested deadline, on April 27
Plaintiff submitted a second motion requesting another extension,
this time until May 4.  Again, a hearing on the request was set
for May 8, 2009.  Plaintiff submitted a brief in opposition to

---

        [1] This case was originally captioned as Thomas E. Perry v. Mary E.
Peters, Secretary of Transportation.  Raymond LaHood became Secretary of the
Department of Transportation on January 23, 2009; as such, he is now the
proper named defendant in this action.  Fed. R. Civ. P. 25(d).

2

the Government's motion on May 4. The Government replied on May 6. It did not move to strike Plaintiff's opposition.

### B. Procedural Background

Because Plaintiff did not contest any of the facts submitted by the Government, the Court will use those facts to reconstruct the procedural history behind Plaintiff's bare-bones Complaint. Rather than outline the facts behind this lawsuit, the Complaint simply states that "[a]ll claims are cited" in three EEO cases: Agency Case No. 2005-19506 ("EEO Case 1"), Agency Case No. 2-04-2020 ("EEO Case 2"), and FAA02-03-2249 ("EEO Case 3"). A review of those claims show that Plaintiff, a Caucasian male, was a Federal Aviation Administration ("FAA") employee removed from his position as an Air Traffic Control Specialist Trainee in March 2005.

The three EEO actions on which Plaintiff bases this case contained complaints of race, gender, age, and disability discrimination, as well as a complaint of reprisal for prior EEO activity. Because the Complaint states that Plaintiff is only bringing his claims pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, and not the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, or the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Court will assume that he intended to sue the Government based only on the alleged race and gender discrimination and retaliation.

3

In looking at the three EEO cases referenced in the Complaint, it is apparent that Plaintiff has exhausted his claims at the administrative level.  It is also apparent that these same claims already were adjudicated, or already could have been adjudicated, in an action that Plaintiff filed with this Court in 2007, Case No. 1:07cv1256 ("*Perry I*").  Judge Lee granted summary judgment in favor of the Government and against Plaintiff in *Perry I* on July 25, 2008.  (Ex. 3.)[2]

1. EEO Case 1 (Agency Case No. 2005-19506)

Plaintiff filed EEO Case 1, a discrimination complaint, with the United States Department of Transportation (the "Agency") on May 4, 2005.  EEO Case 1 alleged race, sex, and disability discrimination as well as reprisal for prior EEO activity, all stemming from an allegation that a female colleague was allowed a "detail opportunity" denied to Plaintiff.  (Ex. 4.) In August 2005, EEO Case 1 was consolidated with another of Plaintiff's administrative actions, EEO Case 2, to include claims for race, sex, and disability discrimination, and reprisal for past EEO activity, all related to Plaintiff's removal from federal service in March 2005.  (Ex. 5.)

After the consolidated administrative complaint was deemed a "mixed case" pursuant to 29 C.F.R. § 1614.302 – which

---

[2] All of the exhibits were submitted by the Government.  Citations to the exhibits refer to those attached to the Government's memorandum in support of its motion.

meant that it could be appealed to the Merit Systems Protection Board ("MSPB") but not referred to the EEOC, *see* 29 C.F.R. § 1614.302 – the cases were de-consolidated, on August 21, 2006. (Gov't's Ex. 13 at 3.)  On September 21, 2006, Plaintiff appealed the claims in EEO Case 1 to the MSPB, pursuant to 29 C.F.R. § 1614.302(d)(1)(I).  (Ex. 6.)

The MSPB issued an Initial Decision rejecting Plaintiff's discrimination and retaliation claims in EEO Case 1 and, after Plaintiff requested a review of the Initial Decision, it issued a Final Order affirming that decision.  (Exs. 6-7.) The Final Order was dated August 24, 2007.  (Ex. 7.)  On November 8, 2007, the EEOC's Office of Federal Operations ("OFO") affirmed the MSPB's finding that no discrimination took place.  Plaintiff then brought all of the claims raised in EEO Case 1 before this Court in *Perry I*.  (Exs. 1-2 (complaint in *Perry I*); Compl. 1.)

Meanwhile, the FAA, which was apparently not aware that Plaintiff had filed a mixed case appeal covering the issues raised in EEO Case 1, issued a Final Agency Decision dismissing Plaintiff's claim of sex discrimination in the assignment of detail opportunities and rejecting the discrimination claims related to his removal from federal employment.  (Ex. 9.)  Thus, the FAA ruled on the same issues already decided by the MSPB Final Order – issues that later formed the basis of *Perry I*. Nonetheless, the FAA notified Plaintiff of his right to appeal

its decision on his sex discrimination claim to the OFO and to appeal the removal claim to the MSPB.  (*Id.*)

Plaintiff did both.  (Exs. 10-11.)  The MSPB dismissed his appeal on the basis of res judicata.  (Ex. 12.)  When the EEOC Administrative Law Judge ("ALJ") reviewing the decision on EEO Case 1 discovered that Plaintiff had previously brought the same claims before the MSPB, and then had also brought the same claims before this Court in *Perry I*, she dismissed Plaintiff's EEOC appeal.  (Ex. 13.)  On October 17, 2008, the OFO adopted the ALJ's decision and dismissed Plaintiff's appeal of the Final Agency Decision.  On October 22, 2008, Plaintiff received the OFO's decision and one of the two Right to Sue letters upon which he purports to base the instant case.  (Compl. § 2.)

2. EEO Case 2 (Agency Case No. 2-04-2020)

The FAA issued a Final Agency Decision on EEO Case 2 on August 21, 2006.  After investigating Plaintiff's allegations of disability, race, color, sex, and age discrimination, as well as his allegations of reprisal for prior EEO activity, a failure to process a worker's compensation claim, pay discrimination based on sex, and a denial of a reasonable accommodation for his disability, the FAA found that no discrimination had occurred. (Ex. 14.)  Plaintiff appealed the Final Agency Decision to the OFO.  The OFO dismissed the appeal after determining that *Perry I* encompassed the claims included in EEO Case 2.  (Ex. 15.)

6

Plaintiff received a notice of dismissal and a Right to Sue letter from the OFO on October 20, 2008.  (Compl. 1 § 2.)

       3. <u>EEO Case 3 (Agency Case No. 02-03-2249)</u>

       Plaintiff initiated EEO Case 3 by filing a formal complaint of discrimination on September 8, 2003.  (Ex. 16.)  On March 3, 2004, the FAA informed Plaintiff that it would investigate his claims of race, sex, age, and disability discrimination, as well as his claim of reprisal based on prior EEO activity.  On May 27, 2004, the FAA notified Plaintiff that it had finished its investigation into his complaint and gave him the option of requesting a hearing before an ALJ.  (Ex. 18.)  Plaintiff did so.  (Ex. 19.)

       While his request was pending, he appealed the claims in EEO Case 1, including his claim of discrimination with respect to his March 14, 2003 reassignment – the same claim contained in EEO Case 3 – to the MSPB.  As noted above, the MSPB found no discrimination or retaliation after investigating Plaintiff's claims, including the related claims made in EEO Cases 1 and 3. The OFO then affirmed this decision, *see* Ex. 8, and Plaintiff filed *Perry I*.

       On July 10, 2008, an EEOC ALJ dismissed EEO Case 3 after determining that the claims Plaintiff made in it were also included in *Perry I*.  The decision was entered on July 18, 2008, and the OFO affirmed the dismissal of the Complaint on October

17, 2008.  (Ex. 21.)  Plaintiff received notice of the dismissal and a Right to Sue letter on October 22, 2008, as part of the same notice he received for EEO Case 1.  (Compl. 1 at § 2.)

        To summarize this tortuous jumble of administrative decisions, it is clear that Plaintiff, in pursuing the three EEO claims on which he bases the Complaint in the instant case, was fully heard at the administrative level and in federal court. After exhausting his administrative remedies, he brought almost all of the overlapping claims contained in EEO Cases 1, 2, and 3 to this Court in *Perry I*.  In short, all of Plaintiff's allegations in the instant case were raised or could have been raised during his earlier trip to federal court.

        The Government's alternative motions for summary judgment and dismissal, and Plaintiff's motions for an extension of time, are before the Court.

## II. Standard of Review

### A. <u>Failure to State a Claim</u>

        A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted).  In deciding a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citation omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  A motion to

dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citation omitted).

   B. *Pro Se* Plaintiff

   Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Khozam v. LSAA, Inc.*, Slip Copy, 2007 WL 2932817 (W.D.N.C. Oct. 5, 2007). "However inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, 1999 WL 717280 at *1 (4th Cir. Sept. 15, 1999) (citing *Cruz v. Beto,* 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, a plaintiff should be allowed to particularize them. *Id.* (citing *Beaudett v. City of Hampton,* 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir. 1965)).

9

C. Summary Judgment

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotation omitted). In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier

10

of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

A. <u>Motions for an Extension of Time</u>

Plaintiff's motions requesting time extensions were both noticed for a hearing after the dates on which Plaintiff proposed to file his opposition. Thus, at the time of the hearing, the Court had not ruled on the proposed deadline extensions. In light of Plaintiff's *pro se* status and the lack of prejudice that the consideration of Plaintiff's opposition will pose to the Government, the Court finds it appropriate in this case to grant both of Plaintiff's motions and accept his opposition papers.

B. <u>Motion for Summary Judgment – Res Judicata</u>

The doctrine of res judicata bars additional litigation on matters decided in earlier litigation between the same parties. Res judicata encompasses the doctrine of claim preclusion. *Orca Yachts, LLC v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002); *see also Saudi v. Ship Switz., S.A.*, 93 Fed. Appx. 516, 519 n.1 (4th Cir. 2004). "The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior

11

action bars litigation 'not only of every matter actually
adjudicated in the earlier case, but also of every claim that
might have been presented.'"  *Orca Yachts*, 287 F.3d at 318
(quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir.
1996)).

A claim is precluded when three conditions are
satisfied:

> 1) the prior judgment was final and on the merits, and
> rendered by a court of competent jurisdiction in
> accordance with the requirements of due process; 2) the
> parties are identical, or in privity, in the two actions;
> and, 3) the claims in the second matter are based upon
> the same cause of action involved in the earlier
> proceeding.

*Varat Enters.*, 81 F.3d at 1315 (citations omitted).  Claims are
considered to be part of the same cause of action "when they
arise out of the same transaction or series of transactions, or
the same core of operative facts."  *Id.* at 1316.  Claim
preclusion also blocks the relitigation of all claims that could
have been presented in the original action.  *Id.* at 1315
(citations omitted).

The Court's previous entry of summary judgment in favor
of the Government in *Perry I* precludes all of Plaintiff's claims
in the instant action.  First, the order in that case granted
summary judgment, a final judgment on the merits.  (Ex. 3.)
There has been no suggestion that the Court lacked jurisdiction

over Plaintiff's claims in 2007 or that its actions did not comport with the requirements of due process.  Second, the parties in the two actions are identical.  Both cases name the Secretary of the Department of Transportation, in his or her official capacity, as the defendant; the complaints in both cases raise claims of discrimination by FAA officials.

Finally, all of the claims raised in the Complaint "are based upon the same cause of action involved in the earlier proceeding." *Varat Enters.*, 81 F.3d at 1315.  The claims raised in *Perry I* are largely identical to those raised in the Complaint.  The *Perry I* claims arose out of the overlapping EEO complaints that Plaintiff originally filed between 2003 and 2005, and on which he also bases the instant case.  In *Perry I*, Plaintiff raised claims of: retaliatory removal; discriminatory removal; discriminatory placement on enforced leave; denial of reasonable accommodations; and discriminatory disparate treatment based on race and sex.  (Exs. 1-2.)  Plaintiff brings the same claims, stemming from allegations of discrimination during the same time period, in the case at bar.

Indeed, the only allegations of discrimination that may fall outside the literal terms of Plaintiff's complaint in *Perry I* are two claims raised in EEO Case 2: there, Plaintiff alleged that, due to race, color, sex, age, and disability discrimination, and in reprisal for prior EEO activity, the FAA

13

failed to process a worker's compensation claim and paid a female employee higher wages than Plaintiff.  (Ex. 14.)  Because these two claims spring from the same alleged course of discrimination on which Plaintiff based the causes of action brought in *Perry I*, and because they occurred during the same time period as the other discrimination alleged in that case, they are also barred by res judicata.  The two claims "might have been presented" during Plaintiff's first discrimination case in this Court, *Varat Enters.*, 81 F.3d at 1315, and they arise from a "natural grouping or common nucleus of operative facts" – that is, facts "sufficiently related in time, space, origin and motivation," which "would have formed a convenient trial unit," *see Hall v. St. Mary's Seminary & Univ.*, ___ F. Supp. 2d ____ (slip op.), 2009 WL 1027560, at *5 (D. Md. Apr. 16, 2009) (quotations and citations omitted).

Plaintiff, in his opposition, does not contest the fact that he has brought before this Court claims already adjudicated in *Perry I*.  In fact, the only argument Plaintiff makes against dismissal or summary judgment is that the Court lacks jurisdiction over this case because it covers the same ground as *Perry I*, which is on appeal before the Fourth Circuit.  Pl.'s Opp'n at 1.  This argument is meritless.  It is well settled that the pendency of an appeal does not affect the finality of the

14

trial court's order dismissing the case.[3]  *See SSIH Equip. S.A. v. ITC*, 718 F.2d 365, 370 (Fed. Cir. 1983); *see also United States v. Beaty*, 245 F.3d 617, 624 (6th Cir. 2001); *Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212, 1215 n.1 (6th Cir. 1989).  Plaintiff concedes that he has already brought the same case before this Court.  Claim preclusion must follow such a concession.

In short, this case meets all the requirements of res judicata.  Plaintiff previously brought before this Court the same claims and allegations he now seeks to relitigate, and judgment on the merits was entered against him.  The issuance of new Right to Sue letters does not override res judicata; even if – contrary to the facts of this case – all of Plaintiff's EEO claims had been so factually distinct that Plaintiff could not have brought all of them in *Perry I* until the issuance of separate Right to Sue letters, res judicata would still bar this action.  *Cf. Sanders v. Tyco Electronics Corp.*, 235 F.R.D. 315, 322 (W.D.N.C. 2006) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 315-16 (5th Cir. 2004)) (explaining that res judicata can bar Title VII claims where plaintiffs did not take

---

[3] Any contrary rule would be nonsensical: it would allow litigants a proverbial second bite at the apple while their first, failed bite is being adjudicated in a higher court.  Rather than illustrate an exception to res judicata, Plaintiff's case provides a textbook example of when the doctrine must apply to avoid further wasting judicial resources.

action to avoid preclusion while pursuing their Title VII remedies administratively).

C. Motion to Dismiss

As an alternative to its motion for summary judgment, the Government originally argued that Plaintiff's claims based on EEO Case 2 should be dismissed because they were filed outside the time period in which Congress authorized civil plaintiffs to bring Title VII claims after receiving a Right to Sue letter. In its reply memorandum, the Government recognized that it had incorrectly calculated the time period and that Plaintiff timely filed this action.[4]  Because the Court will grant summary judgment in this case, it will deny the Government's alternative motion to dismiss as moot.

-------

[4] Federal employees who file discrimination claims in a district court must do so within ninety days of the date they receive a right to sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); see Aziz v. Orbital Scis. Corp., 1998 WL 736469, at *1 (4th Cir. Oct. 19, 1998).  Here, Plaintiff filed his Complaint on January 21, 2009, ninety-one and ninety-three days after receiving the Right to Sue letters for the EEOC claims on which he bases this suit.  Under Rule 6, however, the date by which a litigant must file does not fall on the last day of the relevant time period when that day is a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(3).  "When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, [or] legal holiday."  Id.  The three days prior to January 21 all fall under exceptions to counting the "last day" under Rule 6(a)(3): January 18 was a Sunday, January 19 was Martin Luther King, Jr. day, a federal holiday, and January 20 was Inauguration Day, which was a legal public holiday in the Washington, D.C. metropolitan area, including Alexandria.  See U.S. Office of Personnel Management Mem. of December 20, 2008 (CPM 2008-26).  Thus, the applicable time period ran until Wednesday, January 21, which was "the next day that is not a Saturday, Sunday, [or] legal holiday."  Fed. R. Civ. P. 6(a)(3).

**IV. Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Motions for an Extension of Time, grant Defendant's Motion for Summary Judgment, and deny as moot Defendant's Motion to Dismiss.

An appropriate Order will issue.


May 12, 2009                          /s/
Alexandria, Virginia        _____
                              James C. Cacheris
                      UNITED STATES DISTRICT COURT JUDGE